IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO.: 5: 11-CV-134 |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| CALDWELL FREIGHT LINES, INC., Defendant. _____ | ) ) ) ) | **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, black, and to provide appropriate relief to Desmond Burch ("Burch") and other similarly situated individuals who were adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Defendant, Caldwell Freight Lines, Inc., discriminated against Burch, and other similarly situated black applicants for employment, by refusing to hire them because of their race, black.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, defendant, Caldwell Freight Lines, Inc., a North Carolina Corporation ("Defendant"), has continuously been doing business in the State of North Carolina and the City of Lenoir, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Burch filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In or around March 2010 and continuing, Defendant has engaged in unlawful employment practices at its facility in Newton, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by refusing to hire Burch and other similarly situated black applicants, for dock worker positions because of their race, black.

8. More specifically, in or around the first quarter of calendar year 2010, Defendant entered into a contract with "Ross - Dress for Less ("Ross")" department stores to provide warehouse and transport services of goods to its retail stores. Defendant decided to use its Newton, North Carolina facility to perform the work for Ross. As a result, Defendant hired

several employees to perform dock work at its Newton facility. The majority of the hiring for the Newton facility took place in or around March/April 2010. The qualifications for the job as dock worker included being available, and experience loading and unloading trucks.

9. Charging Party and five other black applicants (hereafter sometimes collectively referred to as the "Claimants"), and other white individuals some of whom are known to the Claimants, heard of Defendant's hiring at the Newton facility. As such, in or around early April 2010, the Claimants and other white individuals went to the facility to apply for the vacant dock worker positions at Defendant's Newton facility.

10. On or about April 9, 2010, Burch contacted Defendant's Office Manager to inquire about the status of his application. The Office Manager told Burch to come in the next week for a "walk through." Burch went to the Newton facility on or about April 12, 2010, and was shown the dock area by Defendant's Warehouse Manager. The Warehouse Manager did not ask Burch anything about his qualifications, but instead discussed Burch's availability. Burch informed the Warehouse Manager he was available to start work immediately.

11. On or about April 13, 2010, Burch again contacted Defendant's Office Manager to inquire about the status of his application. The Office Manager said he would get back with Burch. Defendant never contacted Burch and consequently, Burch was not hired by Defendant. Likewise, none of the other Claimants were hired by Defendant.

12. In total, approximately 51 individuals applied for the jobs at issue during the relevant time period and 38 of the applicants were hired. Of the 51 applicants, on information and belief, the six Claimants were the only blacks who applied for the positions. All of the Claimants were equally or more qualified than the non-black applicants; they all had previous dock worker experience; and they were all immediately available to perform the dock worker

duties for Defendant.  In spite of their qualifications and availability, none of the black applicants were hired by Defendant and Defendant hired only non-black applicants.

13. During the relevant time, Defendant's Vice President stated that he did not want blacks working on Defendant's dock.  During the relevant time , Defendant employed no black dock workers at its Newton facility.

14. The effect of the practices complained of in paragraphs 7 – 13 above has been to deprive Burch, and other similarly situated black applicants, of equal employment opportunities and otherwise adversely affect their status as applicants because of their race, black.

15. The unlawful employment practices complained of in paragraphs 7 – 13 above were intentional.

16. The unlawful employment practices complained of in paragraphs 7 – 13 above were done with malice or with reckless indifference to the federally protected rights of Burch, and other similarly situated black applicants, because of their race, black.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for blacks and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Burch, and other similarly situated black applicants, by providing them appropriate back pay with prejudgment interest, in amounts to be

determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to rightful-place hiring and/or front pay.

D. Order Defendant to make whole Burch, and other similarly situated black applicants, by providing them compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 – 13 above, including but not limited to relocation expenses and job search expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Burch, and other similarly situated black applicants, by providing them compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraphs 7 – 13 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Burch, and other similarly situated black applicants, punitive damages for its malicious and reckless conduct described in paragraphs 7 – 13 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 26th day of September, 2011.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507


s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar #19732)
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

s/ Randall D. Huggins
RANDALL D. HUGGINS (OK Bar #17875)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone:     704.954.6470
Facsimile:      704.954.6412
Email:            randall.huggins@eeoc.gov

ATTORNEYS FOR PLAINTIFF