# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CASE NO. 5:11-CV-134-RLV-DSC

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| CALDWELL FREIGHT LINES, INC., | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on the parties' Joint Motion to Enter Agreed Order. (Doc. 7.) The parties therein have come to agree that this lawsuit is not subject to the Bankruptcy Code's automatic stay provision and move the Court to deem applicable the pertinent regulatory exception so as to move forward the litigation. *See* 11 U.S.C. § 362(b)(4).

The automatic stay, a chief purpose of which is to allow for a systematic, equitable liquidation proceeding, does not apply to any state action "to enforce [a] governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment . . . ."[1] 11 U.S.C. § 362(b)(4). To constitute an exercise of "police or regulatory power" and thereby render the stay inoperable, the governmental unit's action must primarily serve a recognizable public purpose; such purpose must not be a mere ruse to further the governmental unit's pecuniary interest or the rights of a private party. *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 865 (4th Cir. 2001).

---

[1] The EEOC concedes that, given the filing of the bankruptcy petition, any money judgment that it might obtain in this case will be collectible only in the bankruptcy proceedings. (Doc. 5 at 5 n.1.)

1

Here, the EEOC properly acts pursuant to its police and regulatory power. *See EEOC v. McLean Trucking Co.*, 834 F.2d 398, 402 (4th Cir. 1987) ("When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." (quoting *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 326 (1980) (footnote omitted)). Although this Court recognizes that many actions contain both a public purpose and either a governmental unit's own pecuniary interest or a private party's rights, the primary purpose of Title VII—under which Plaintiff's action proceeds—is the elimination of discrimination on specified bases by covered employers. *Id.*

**IT IS, THEREFORE, ORDERED** that the automatic stay provision found at Section 362(a) of the Bankruptcy Code be deemed not to apply in this case, and the litigation may proceed to judgment.

Signed: December 29, 2011

Richard L. Voorhees
United States District Judge

2