IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-134

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT DECREE** |
| ) | |
| CALDWELL FREIGHT LINES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant, Caldwell Freight Lines, Inc. ("Defendant") discriminated against Desmond Burch and other similarly situated black applicants for employment, by refusing to hire them because of their race, black. On or about October 25, 2011, after this action was filed, Defendant filed for Chapter 7 Bankruptcy (Case No. 11-51312, in the U.S. Bankruptcy Court, for the Western District of North Carolina). Consequently, counsel for Defendant is providing counsel to Defendant through the Trustee in Bankruptcy only, as Defendant has no employees, officers or directors. In view of the foregoing, there are no other means of communication with Defendant regarding the Consent Decree, other than advising the Trustee in Bankruptcy. Counsel for Defendant has conferred with the Trustee in Bankruptcy regarding the Consent Decree, and is authorized to state he has no objection. By separate motion in the Bankruptcy proceeding, the

1

parties hereto, along with the Bankruptcy Trustee, will seek approval of the Consent Decree upon its entry in this District Court proceeding. The settlement amounts and Defendant's attorney fees herein are being paid exclusively by Zurich American Insurance Company (Zurich), and said funds are excluded from the Bankruptcy proceeding.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

**IT IS, THEREFORE, ORDERED** as follows:

1. Defendant does not currently conduct business in any state within the United States or within any foreign jurisdiction. If Defendant resumes operation of a business subject to Title VII jurisdiction within the United States or within any foreign jurisdiction during the term of this Decree, Defendant agrees that it shall not discriminate against any person on the basis of race or any other protected category within the meaning of Title VII, including by failing to hire applicants because of their race.

2. Defendant does not currently conduct business in any state within the United States or within any foreign jurisdiction. If Defendant resumes operation of a business subject to Title VII jurisdiction within the United States or within any foreign jurisdiction during the term of this

Decree, Defendant agrees that it shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute. Further, Defendant agrees that it shall not use applicants' race as a deciding factor in offering employment.

3. Defendant shall cause to be paid to Desmond Burch, Gerrod Shuford, Robert Tipps, Frankie Shuford, Tyon McGlown, and Kevin Odom the sum of One Hundred and Twenty Thousand and No/100 Dollars ($120,000.00) in settlement of the claims raised in this action. Of the foregoing One Hundred and Twenty Thousand and No/100 Dollars, Defendant shall pay Desmond Burch the sum of Thirty Thousand and No/100 Dollars ($30,000.00) by issuing a check payable to Desmond Burch; Defendant shall pay Gerrod Shuford the sum of Eighteen Thousand and No/100 Dollars ($18,000.00) by issuing a check payable to Gerrod Shuford; Defendant shall pay Robert Tipps the sum of Eighteen Thousand and No/100 Dollars ($18,000.00) by issuing a check payable to Robert Tipps; Defendant shall pay Frankie Shuford the sum of Eighteen Thousand and No/100 Dollars ($18,000.00) by issuing a check payable to Frankie Shuford; Defendant shall pay Tyon McGlown the sum of Eighteen Thousand and No/100 Dollars ($18,000.00) by issuing a check payable to Tyon McGown; and Defendant shall pay Kevin Odom the sum of Eighteen Thousand and No/100 Dollars ($18,000.00) by issuing a check payable to Kevin Odom. Payments shall be made by Zurich within (10) days after the Court approves this Consent Decree, and Defendant shall mail the checks to Desmond Burch, Gerrod Shuford, Robert Tipps, Frankie Shuford, Tyon McGlown, and Kevin Odom at addresses provided by the Commission. Within ten (10) days after checks have been sent, Defendant shall email to the Commission to EEOC-CTDO-decree-monitoring@eeoc.gov copies of the checks

and proof of their delivery to Desmond Burch, Gerrod Shuford, Robert Tipps, Frankie Shuford, Tyon McGlown, and Kevin Odom.

4. Defendant does not currently conduct business in any state within the United States or within any foreign jurisdiction. If Defendant resumes operation of a business subject to Title VII jurisdiction within the United States or within any foreign jurisdiction during the term of this Decree, Defendant agrees to provide the following, described in paragraphs 5 through 9 below. Defendant shall notify the EEOC within fifteen (15) days of resuming business operations.

5. Before ceasing its business operation, Defendant had in place an antidiscrimination policy, identified as "Discrimination/Harassment Policy," copy of which is attached to this Decree as Exhibit A. Within thirty (30) days after resuming business operations in any state within the United States or within any foreign jurisdiction, Defendant shall revise its current "Discrimination/Harassment Policy" to include, but not be limited to, the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against racial discrimination, and different terms and conditions of employment based on race; procedures for reporting discrimination; the inclusion of multiple avenues by which employees can submit complaints of discrimination; procedures for investigating complaints of discrimination; and a statement addressing the anti-retaliation provisions under federal equal employment opportunity laws, including Title VII. Defendant shall distribute the revised policy to all current employees within 30 days of its completed revision. Within forty-five (45) days of the completed revision, Defendant shall report compliance of the foregoing to the Commission. If during the term of this Decree Defendant resumes business, Defendant shall also distribute the revised policy to all new employees and review it with them at the time of hire.

6. If Defendant resumes operation of a business in any state within the United States or within any foreign jurisdiction, after resuming operations, Defendant shall post a copy of the policy described in paragraph 5, supra, in all of their facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within fifteen (15) days after resuming business operations in any state within the United States or within any foreign jurisdiction, Defendant will post the policy and notify the EEOC that it has been posted.

7. If Defendant resumes operation of a business in any state within the United States or within any foreign jurisdiction, after resuming operations, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against race discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy. The first training program shall be completed within thirty (30) days after resuming business operations in any state within the United States or within any foreign jurisdiction. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. If Defendant resumes operation of a business in any state within the United States or within any foreign jurisdiction, beginning within thirty (30) days after resuming operations and

continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in each of its facilities and at each worksite in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within fifteen (15) days after resuming operations in any state within the United States or within any foreign jurisdiction, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. If Defendant resumes operation of a business in any state within the United States or within any foreign jurisdiction, after resuming operations and continuing throughout the term of this Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after resuming business operation. The reports will include the following information:

(a) the identities of all applicants for employment with Defendant:

  i. for each applicant, include by way of identification each person's name, address, and telephone number;

  ii. for each applicant, a statement of whether the individual was immediately offered employment and/or immediately hired;

  iii. for each applicant, provide a copy of the applicant's application and/or resume; and

(b) the identities of all individuals hired by Defendant, including by way of identification each person's name, address, telephone number, social security number, and race;

(c) the identities of all individuals who have complained of race discrimination:

  i. for each individual, include by way of identification each person's name, address, and telephone number;

  ii. a detailed statement of the individual's complaint, and

       iii. a detailed statement of the action that was taken in response to the individual's complaint.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities and work sites, interview employees and examine and copy documents.

11. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Decree shall be for five (5) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decreemonitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: July 13, 2012

*[signature]*

Richard L. Voorhees
United States District Judge